RICHARD W. GILL AND HENRIETTA
M. HALL,
ADMR'S OF SOMERVILLE PINKNEY,        September Term, 1847.
vs.
WILLIAM D. CLAGETT.

[MISTAKE.]

If parties come to a settlement upon terms mutually agreed upon, and error
or mistake occur in the settlement, a court of equity will rectify it and make
it conform to the intention of the parties.

Equity will, upon sufficient parol proof, reform a contract or settlement in writ-
ing upon the ground of mistake, and then enforce its executions as thus re-
formed, though the answer denies the mistake. But strong proof must be
adduced to overrule the answer denying the mistake.

[The facts of this case are sufficiently stated in the following opinion of the Chancellor, delivered on the 5th of November, 1847, and in 2 *Md. Ch. Decisions*, 151, and *ante*, 153, where other opinions in the same case are reported.]

THE CHANCELLOR:

This case is submitted to the court upon written arguments by the solicitors of the parties.

It is conceded, indeed it could not be denied, that courts of equity have jurisdiction in cases of mistake, and it is equally well settled, that if parties come to a settlement upon terms mutually agreed upon, and error or mistake occur in the settlement, a court of equity will entertain a *bill* to rectify the settlement and make it conform to the intention of the parties. It was at one time much doubted whether it was competent for a plaintiff who sought the specific performance of an agreement in writing to vary it by parol proof upon the ground of mistake, and then after having it thus corrected to insist upon its execution, and this right of a plaintiff was especially questioned when the answer of the defendant denied the mistake. These doubts, however, have been removed by the decision of Chancellor Kent, in the case of *Gillespie* vs. *Moon*, 2 *Johns. Ch. Rep.*, 585, and by the Court of Appeals, in the case of *Moale*

vs. *Buchanan,* 11 *Gill & Johns.*, 314, and it must now be regarded as established that a court of equity will, upon sufficient proof, grant relief to a plaintiff by reforming a contract or settlement in writing upon the ground of mistake, and then enforce its execution as thus reformed, though it is undeniably true that strong proof must be adduced to overrule the answer denying the mistake.

It appears in this case, that a bill was filed as early as November, 1832, by the complainant, Henrietta Hall, and her then husband against the defendant, Clagett and Charles Hill, which upon appeal to the Court of Appeals from the decree of the Chancellor in favor of the complainants, was remanded to to the Court of Chancery, under the act of 1832, ch. 302, for further proceedings. That the defendant, Hill, being by the opinion of the Court of Appeals exonerated from responsibility, and the husband of the complainant having died, terms of compromise were proposed and agreed upon between the parties to this suit, and that on the 27th of February, 1842, a meeting took place for the purpose of arranging the details thereof, and coming to a settlement. At this meeting a statement was prepared according to which there appeared to be due from the defendant to the complainant, Hall, the sum of $674 86, for which amount, the said defendant gave to Somerville Pinkney, Esq., acting as the solicitor and agent of the complainant, his note, payable six months after date, with interest from date, and at the same time, defendant signed a paper by which it was agreed that any error which might have occurred in the settlement should be corrected, provided such error should be ascertained before the maturity of the note. Allowing the days of grace, this note became due on the 30th of August, 1842, four days before which, to wit, on the 26th of the same month, the present bill was filed, alleging very material errors in the settlement, and praying that it be reformed and executed according to the terms of the compromise and intentions of the parties.

The terms of the compromise, as stated in the bill, are denied by the answer, which alleges an agreement to adjust the controversy between the parties upon different principles. **The**

answer also states, that from the date of the settlement in February, 1842, up to the service of the subpœna upon the defendant in this case, which was subsequent to the maturity of the note, the alleged errors had not been ascertained nor notified to him, and that on that account there is no ground for disturbing the settlement.

It is also objected that the remedy of the complainant upon the note given upon the settlement is ample and complete at law, and, therefore, this court should not interfere.

Some evidence has been offered, but I do not deem it necessary or proper at this time to express any opinion in regard to it.

The counsel in their arguments, differ essentially, not only with reference to the principles upon which the settlement was to be made, but there is a material discrepancy in the result to which they arrive, assuming the principles of the adjustment set up in the answer to be those upon which the parties agreed.

The paper marked, exhibit B., filed with the bill, is admitted to be a true copy of the settlement made on the 27th of February, 1842, for the balance appearing due by which the note of the defendant was given, and this sum he insists in his answer is the amount really due from him upon the principles of the compromise agreed upon by the parties. The plaintiff, on the other hand, contends that even assuming the defendant to be right in regard to the terms of the compromise, still the amount appearing by the settlement to be due is too small, and that, therefore, in any view of the case, there is error and mistake which a court of equity ought to correct.

Statements and calculations are submitted by the counsel on both sides, with widely different results, and as it is impossible that the Chancellor can undertake to reconcile these statements or determine which is right, there appears to be no alternative but to send the case to the proper officer of the court for an account.

In the argument of the counsel for the defendant, it is stated that after the bill in this case was filed, the note given by him upon the settlement was withdrawn, and an action at law insti-

tuted upon it, and judgment recovered, to satisfy which, the property of the defendant has been taken in execution, and it is said that these facts will be admitted by the solicitor for the complainant, and it will probably appear that the money due upon the judgment has been paid to the sheriff.

These facts do not now appear, but if deemed important an opportunity will be given by the order about to be passed, to prove them or any others, which either of the parties may consider material to the case.

THOS. S. ALEXANDER, for Complainants.

THOS. G. PRATT, for Defendants.